**E-Filed 9/22/05**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SYSTEMS AMERICA, INC., | Case Number C 05-02499-JF |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS[1] |
| v. | [Docket No. 12] |
| THE ST. PAUL TRAVELERS COMPANY, INC., ET AL., | |
| Defendants. | |

## I. BACKGROUND

Systems America, Inc. ("Systems America") purchased property insurance from The St. Paul Travelers Company, Inc. and St. Paul Mercury Insurance Company (collectively, "St. Paul"), effective from September 21, 2000 to October 10, 2002. A clause in the property insurance policy contractually limits the time within which a lawsuit may be brought: "Any lawsuit to recover on a property claim must begin within 2 years after the date on which the direct physical loss or damage occurred."

---

[1] This disposition is not designated for publication and may not be cited.

In March, 2004, Systems America discovered losses attributable to two thefts, referred to as "payroll theft" and "employee theft." The employee theft was discovered when Systems America learned that four employees had stolen InterfaceONE Computer Software (a software product that then was in development), three laptop computers, and a computer server when they left the company to start their own company in February and/or March 2002. Systems America asserts that the replacement cost of the lost InterfaceONE software is $9,100,000, the cost of the three laptops is $7,500, and the cost of the computer server is $24,500, totaling $9,132,000 in losses. The payroll theft was discovered when an internal audit revealed overpayments by the payroll department made between 1998 and 2001 resulting in losses of $6,786,711. Systems America's investigation concluded that a single employee was most likely responsible for this theft.

On October 27, 2004, Systems America submitted claims for the employee thefts under both its general liability policy and its property policy. St. Paul responded at that time by assigning claim numbers to the two claims. On January 29, 2005, St. Paul sent a letter denying the general liability claim and noting that it was still investigating the property policy claim. On December 17, 2004, Systems America submitted a claim for the payroll theft under its property policy. St. Paul sent a letter on December 21, 2004, assigning a claim number and a claims handler.

On February 18, 2005 and March 22, 2005, Systems America sent follow-up letters requesting coverage determinations for each claim. It received no response. Systems America sent additional follow-up letters on June 7, 2005 regarding both claims, which prompted response letters sent June 13, 2005. However, St. Paul did not provide the requested coverage determinations, noting that it "expect[ed] to be able to conclude [its] coverage review within the next 30 days." Systems America then commenced the instant action.

After filing an original complaint on June 20, 2005, Systems America filed an amended complaint on July 11, 2005, asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Systems America also seeks a judicial declaration of the parties' past, present and future contractual rights, duties, and obligations under the property

2

1   insurance policy.  St. Paul now moves to dismiss all claims for failure to state a claim upon

2   which relief may be granted.  Systems America opposes the motion to dismiss.

3

4                                   **II. LEGAL STANDARD**

5          A complaint may be dismissed for failure to state a claim upon which relief can be

6   granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under

7   a cognizable legal theory.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean*

8   *Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of a motion to

9   dismiss, all allegations of material fact in the complaint are taken as true and construed in the

10  light most favorable to the nonmoving party.  *Clegg v. Cult Awareness Network*, 18 F.3d 752,

11  754 (9th Cir. 1994).  A complaint should not be dismissed "unless it appears beyond doubt the

12  plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

13  However, the Court "is not required to accept legal conclusions cast in the form of factual

14  allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id.* at

15  754-55.  Motions to dismiss generally are viewed with disfavor under this liberal standard and

16  are granted rarely.  *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

17         Although the Court generally may not consider any material beyond the pleadings when

18  ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), *Cooper v.*

19  *Pickett*, 137 F.3d 616, 622 (9th Cir. 1997), it may consider documents that are attached to and

20  part of the complaint, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The

21  Court also may consider "documents whose contents are alleged in a complaint and whose

22  authenticity no party questions, but which are not physically attached to the pleading." *Branch v.*

23  *Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

24

25                                   **III. DISCUSSION**

26         St. Paul moves for dismissal based on its contention that Systems America's insurance

27  claims are either (1) barred by the two-year suit limitation period, or (2) not covered by the

28  property insurance policy.  St. Paul contends that California law provides two definitions of

3

1    when a property loss "occurs." The first is that the loss occurs at the time the discernable

2    physical loss or damage to property happens. The second is that the loss occurs at the time it is

3    "manifested," which has been defined as "that point in time when appreciable damage occurs and

4    is or should be known to the insured, such that a reasonable insured would be aware that his

5    notification duty under the policy has been triggered." *Prudential-LMI Ins. Co. v. Superior*

6    *Court*, 51 Cal. 3d 674, 699 (1991). St. Paul argues that under the first definition, although the

7    loss would have occurred during the coverage period, the lawsuit is time-barred by the suit

8    limitation period. Alternatively, under the second definition, the loss would have occurred at the

9    time of discovery in March 2004, after the coverage period had ended.

10        Systems America opposes the motion to dismiss, arguing that St. Paul's contention relies

11   on an inappropriate conflation of the "manifestation" rule with the entirely distinct "delayed

12   discovery" rule also recognized under California law. Systems America argues correctly that

13   these are two separate rules. The manifestation rule allocates progressive losses to the insurance

14   policy that is in effect when the loss is manifested. It applies "in first party progressive property

15   loss cases, when . . . the loss occurs over several policy periods and is not discovered until

16   several years after it commences." *Prudential-LMI Ins. Co.*, 51 Cal. 3d at 699. The delayed

17   discovery rule, on the other hand, tolls the beginning of the suit limitation period until losses are

18   discovered if they were not "reasonably discernable" when they occurred. *Id*. at 686-87.

19        When the delayed discovery rule applies, there actually may be two dates of loss. The

20   first is the date (or dates) of the physical loss itself. The second is the date when the loss is

21   reasonably discovered, triggering the beginning of the suit limitation period. In *Prudential-LMI*,

22   the California Supreme Court held that the suit limitation clause of a property insurance policy,

23   derived from the standard fire insurance policy form in California Insurance Code § 2071,

24   necessarily included a delayed discovery rule. That clause reads:

25        No suit or action on this policy for the recovery of any claim shall be sustainable
         in any court of law or equity unless all the requirements of this policy shall have
26       been complied with, and unless commenced within 12 months next after inception
         of the loss.
27

28   Cal. Ins. Code § 2071. The Court "consider[ed] how to define the inception of a loss for

4

purposes of triggering section 2071 when the loss occurs some time before any damage is discovered by the insured." *Id.* at 684.  It is evident from this language that the Court treated the date of the "inception of a loss" as distinct from the date of the occurrence of the loss for the purposes of the suit limitation clause.

As the Court stated,

California law supports the application of the following delayed discovery rule *for purposes of the accrual of a cause of action under section 2071*: The insured's suit on the policy will be deemed timely if it is filed within one year after 'inception of the loss,' defined as that point in time when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered.

51 Cal. 3d at 686-87 (emphasis added).  The Court's definition of "inception of the loss" applies only to the suit limitation clause and does nothing to affect when a loss itself is determined to have occurred.   St. Paul argues that because the manifestation rule and the delayed discovery rule share a similar definition, they are the same rule.  However, while the Court did apply the definition of "inception of the loss" to "manifestation of the loss," *id.* at 699, it did not hold that the two are identical for purposes of the delayed discovery rule.

The delayed discovery rule, not the manifestation rule, is applicable to Systems America's claims.  Systems America asserts that its "payroll theft" losses occurred between 1998 and 2001 and that its "employee theft" losses occurred in February and/or March 2002, but that it did not discover either loss until March, 2004.  These allegations are sufficient to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

St. Paul asserts that there is no specific clause, such as a "discovery clause," in Systems America's property insurance policy that would allow delayed discovery to delay the beginning of a suit limitation period.  However, such an express clause is not necessary.  The effect of the California Supreme Court's decision in *Prudential-LMI* is that a delayed discovery rule is implicitly incorporated into the suit limitation clause in any insurance policy.  Counsel for St. Paul conceded at the hearing on September 9, 2005 that there is no essential difference between the suit limitation clause in Systems America's property insurance policy and the language in § 2071 construed by the Court in *Prudential-LMI*.

5

1    Thus, the lawsuit limitation period for Systems America's property insurance does not

2    begin "until that point in time when appreciable damage occurs and is or should be known to the

3    insured, such that a reasonable insured would be aware that his notification duty under the policy

4    has been triggered." 51 Cal. 3d at 687.  It is therefore possible both that Systems America's

5    property insurance claims are covered under its policy with St. Paul and that it brought its lawsuit

6    within the required time period.

7    Accordingly, the motion to dismiss will be denied.

8

9                                   **IV. ORDER**

10

11    Good cause therefore appearing, IT IS HEREBY ORDERED that St. Paul's motion to

12    dismiss is DENIED.

13

14    DATED: September 22, 2005

15

16                                   /s/ electronic signature authorized
                                     _____
17                                   JEREMY FOGEL
                                     United States District Judge

18

19

20

21

22

23

24

25

26

27

28

1   This Order has been served upon the following persons:

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-05-02499-JF
ORDER
(JFLC1)