Christopher F. Stoll (SBN 179046)
Esta L. Brand (SBN 83329)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
E-Mail: esta.brand@hellerehrman.com

*E-filed 11/16/05*

Timothy D. McMichael (*pro hac vice*)
HELLER EHRMAN LLP
701 Fifth Avenue
Suite 6100
Seattle, WA 98104-7098
Telephone: +1.206.447.0900
Facsimile: +1.206.447.0849
E-Mail: timothy.mcmichael@hellerehrman.com

Attorneys for PLAINTIFF
SYSTEMS AMERICA, INC.

Jess B. Millikan (SBN 095540)
E-mail: jess.millikan@bullivant.com
Kevin M. (Casey) Christensen (SBN 168119)
E-mail: casey.christensen@bullivant.com
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, CA 94108
Telephone: +1.415.352.2700
Facsimile: +1.415.352.2701

Attorneys for DEFENDANTS
ST. PAUL TRAVELERS COMPANIES, INC AND
ST. PAUL MERCURY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SYSTEMS AMERICA, INC., a Delaware Corporation,<br><br>                                Plaintiff,<br>    v.<br><br>THE ST. PAUL TRAVELERS COMPANY, INC., a Minnesota corporation, and ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation,<br><br>                               Defendants. | Case No.: C-05-02499 JF (HRL)<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE DISCLOSURES OF CONFIDENTIAL INFORMATION** As Amended<br><br>**The Honorable Jeremy Fogel** |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE DISCLOSURE OF CONFIDENTIAL
INFORMATION, CASE NO. C-05-02499-JF

WHEREAS, certain information of the parties and non-parties that may be subject to discovery in this action contains proprietary, private or other confidential information; and

WHEREAS, the undersigned parties have reached agreement upon the terms of an order to protect the confidentiality of that information.

WHEREFORE, the parties hereby stipulate and respectfully request that the Court enter an order as follows:

ORDER

IT IS HEREBY ORDERED pursuant to Fed. R. Civ. P. 26(c), that the following procedures shall be used by the parties to protect the confidentiality of all forms of information produced or generated in this action and designated as CONFIDENTIAL, including documents, testimony, interrogatory responses, responses to requests for admissions, expert designations and reports, and other information (collectively referred to as "Information").

1. Any party or non-party may designate as "Confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain material that is non-public and contains commercially sensitive information, private financial information, proprietary information or other information protected by the right to privacy. Where a document or response consists of more than one page, the first page of the document, and any other pages containing the information alleged to be confidential, shall each be stamped "Confidential."

2. Any party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. The court reporter shall mark the cover page of the deposition transcript to indicate that Confidential Information is contained therein. In addition, the court reporter may mark the entire transcript "Confidential" if to separate the portions containing Confidential and non-Confidential Information would be unduly burdensome. Additionally, a party may designate in writing at any time after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information.

1

For a period of ten (10) days from receipt of a deposition transcript, all deposition testimony and exhibits shall be treated as Confidential. Any other party may object to such designation, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All Information produced or exchanged in the course of discovery in this case shall be used by the party or parties to whom the Information is produced solely for the purposes of this civil action and/or investigating and adjusting the insurance claims that are the basis of this civil action, and shall not be disclosed or used in any way except as necessary for those purposes.

4. Except with the prior written consent of the party (or parties) that designated the Information as Confidential, or upon order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel;

(b) employees of such counsel, including clerical, administrative, or photocopy service personnel (including outside service providers);

(c) named parties and any director, officer, or employee, of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation or investigating and adjusting the insurance claims that are the basis of this litigation;

(d) the Court, Court personnel, court reporters, and any persons involved in recording deposition testimony, including but not limited to videographers;

(e) consultants or expert witnesses (including their employee assistants and clerical employees) retained for the prosecution or defense of this litigation or investigating and adjusting the insurance claims that are the basis of this litigation;

2

STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE DISCLOSURE OF CONFIDENTIAL INFORMATION, CASE NO. C-05-02499-JF

      (f)  any persons identified in a document as authors or recipients of the Confidential document;

      (g)  a potential deponent or trial witness;

      (h)  a deponent or trial witness.

Persons identified in subparagraphs (e) – (h) above and plaintiff shall execute a copy of the Certification annexed to this Order (Exhibit A hereto) (which shall be retained by counsel for the party so disclosing the Confidential Information and which shall be made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court in the context of a bona fide dispute about compliance with this Protective Order) before being shown or given any Confidential Information.

  5.  Any persons receiving Confidential Information shall not reveal to or discuss such Information with any other person, except as set forth herein. Recipients of Confidential Information shall keep the information and any copies, abstracts, digests or summaries and descriptions thereof secure in accordance with the purposes and intent of this Stipulation and Protective Order, and shall employ all precautions necessary to ensure continued confidentiality, non-use, and non-disclosure except in compliance with the terms of this Protective Order. By receiving Confidential Information, the recipient acknowledges that any disclosure that violates this Protective Order will result in irreparable harm such that injunctive relief would be appropriate.

  6.  Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any confidential information. A party that seeks to file under seal any confidential information must comply with Civil Local Rule 79-5, which sets forth the procedures that must be followed for filing documents under seal and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. If a party wishes to file under seal confidential information so designated by another party, the <u>designating</u> party must comply with the requirements of Civil L.R. 79-5(d).

  7.  A party may designate as "Confidential" documents or discovery materials produced by another party or by a non-party by providing written notice to all parties of the relevant document numbers or other identification. Prior to the expiration of a (30) day period from such production, all such information shall be treated as Confidential. Any party or non-party may

3

STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE DISCLOSURE OF CONFIDENTIAL INFORMATION, CASE NO. C-05-02499-JF

voluntarily disclose to others without restriction any Information designated by that party or non-party as Confidential.

8. If a party contends that any material is not entitled to Confidential treatment, such party shall meet and confer in good faith by conferring directly (in voice to voice dialogue) with counsel for the party that designated the material as Confidential. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. Only if, after such a meeting, the parties are unable to agree as to whether the material should be designated as Confidential, the opposing party may apply to the Court, with notice to the opposing party, for an order providing that such materials are not entitled to Confidential protection. The motion must be accompanied by a competent declaration that affirms compliance with this paragraph and sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue. The party making the claim of confidentiality has the burden of establishing that the Information is entitled to Confidential protection. The parties shall act in good faith in designating material as Confidential and in moving for an order providing that materials are not Confidential.

9. Notwithstanding any challenge to the designation of Information as Confidential Information, all Information so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who claims that the Information is Confidential withdraws such designation in writing; or
(b) the Court rules the Information is not Confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall survive any settlement, judgment, or other disposition of this action, including any appeals therefrom and shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. This Court shall retain jurisdiction after entry of judgment in order to administer, modify or enforce the terms of this Order, for a period of six months.

4

STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE DISCLOSURE OF CONFIDENTIAL INFORMATION, CASE NO. C-05-02499-JF

11. Within thirty (30) days of the entry of an Order finally terminating this action, including all appeals, and unless the parties agree otherwise, each party in possession of Confidential Information, other than that which is contained in pleadings, briefs, correspondence, deposition transcripts, and/or work product, shall, at the option of that party, either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents and certify in writing subject to penalty of perjury within thirty (30) days that the documents have been destroyed. Any Confidential Information retained as permitted in this paragraph above shall remain subject to this Stipulation and Protective Order.

12. Nothing in this Protective Order shall prejudice the rights of any party to apply for additional or other protection with respect to discovery sought in this action. Specifically, nothing herein shall prejudice any party's right to assert the attorney-client privilege, work product privilege, or other privileges or doctrines that may protect information from disclosure, or to seek relief for an inadvertent disclosure of material protected by any applicable privilege, doctrine or protection.

13. Nothing in this Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any Confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the Information. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and in the course thereof, relying on examination of marked Confidential Information.

14. This Order shall apply to all parties, including all parties that may be brought into this case after execution of this Order, and to all non-parties producing or receiving Confidential Information.

15. If, by inadvertence or otherwise, any Confidential Information is disclosed to any person not authorized to receive it under this Order, then the disclosing person shall promptly identify the recipient(s) and the circumstances of the unauthorized disclosure to the relevant

producing person(s) and immediately use best efforts to bind the recipient(s) to the terms of this Order and to retrieve all copies of such Confidential Information. No Information shall lose its Confidential status because it was disclosed inadvertently or disclosed to a person not authorized to receive it under the terms of this Order.

16. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

17. In the event that a recipient of Confidential Information is served with any subpoena, discovery request, or other legal process that asks for the production of Confidential Information, the recipient shall immediately notify persons who designated responsive documents Confidential to afford them ample opportunity to contest the subpoena, discovery request, or other legal process.

18. If any party desires to disclose Confidential Information in a manner not in accordance with the terms of this Protective Order, the party seeking to make such disclosure shall obtain the agreement of all Designators to proceed or, in the absence of such agreement, shall seek the approval of the Court by way of a noticed motion.

19. The terms of this Stipulation and Protective Order may be modified only by written agreement of counsel for the parties or further order of the Court.

6

| | |
|---|---|
| 1 | 20. This Protective Order shall be binding upon the parties from the date of execution, notwithstanding the date of entry of this Protective Order by the Court. |

November 7, 2005                     Respectfully submitted,

HELLER EHRMAN LLP

By _____Esta L. Brand_____
Attorneys for Plaintiff
Systems America, Inc.

Dated: November 7, 2005         BULLIVANT HOUSER BAILEY PC

By _____
Kevin M. Christensen
Attorneys for Defendants
ST. PAUL MERCURY INSURANCE COMPANY
AND THE ST. PAUL TRAVELERS COMPANY, INC.

7

STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE DISCLOSURE OF CONFIDENTIAL INFORMATION, CASE NO. C-05-02499-JF

1 | Pursuant to stipulation, IT IS SO ORDERED.

2 | DATED this __15__ day of November, 2005.

3
4
5 | /s/ Howard R. Lloyd
  | The Honorable ~~Jeremy Fogel~~ Howard R. Lloyd
6 | United States ~~District~~ Judge
  | Magistrate

8

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER RE DISCLOSURE OF CONFIDENTIAL INFORMATION, CASE NO. C-05-02499-JF

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY STIPULATION FOR CONFIDENTIALITY, NON-DISCLOSURE AND PROTECTIVE ORDER

I, _____, am employed or have been retained by _____, and I hereby acknowledge that I have received and read a copy of the Stipulation and Protective Order entered in this action in the United States District Court, Northern District of California, San Jose Division, entitled *Systems America, Inc, v. The St. Paul Travelers Company, Inc., et al.* (Case No. C-05-02499 JF), and understand and agree to be bound by the limitations it imposes on the use and disclosure of information designated as confidential. I further understand that the unauthorized disclosure of confidential material may constitute contempt of court, and I hereby consent to the personal jurisdiction of the United States District Court, Northern District of California in connection with the disclosure of said confidential material. I agree to be bound by all of the terms of said Stipulation and Protective Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this _____ day of _____, at _____.

_____
Signature

_____
Address (Home or Business)

_____
Phone (Home or Business)

9

STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE DISCLOSURE OF CONFIDENTIAL INFORMATION, CASE NO. C-05-02499-JF